'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN JACKSON, | ) | CASE NO. CV 19-1596-CAS (PJW) |
| Petitioner, | ) | |
| | ) | [PROPOSED] ORDER DISMISSING |
| v. | ) | HABEAS CORPUS PETITION WITH |
| | ) | PREJUDICE AND DENYING |
| WARDEN, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | |

In August 1992, Petitioner was convicted in Los Angeles County Superior Court of first-degree robbery, forcible rape, and taking a vehicle without the owner's consent. (Petition at 1; Exh. A ("Hearing") at 47.) He was sentenced to 52 years and eight months in prison. (Petition at 1; Hearing at 48.)

On March 21, 2018, Petitioner attended a parole hearing with his lawyer. (Hearing at 1-194.) Both were given an opportunity to challenge the documentary evidence considered by the Parole Board and to submit additional evidence. (Hearing at 9-18.) Counsel and Petitioner were also allowed to address the Parole Board. (Hearing at 163-69.) At the end of the parole hearing, the Board denied parole and explained why. (Hearing at 170-92.)

On March 5, 2019, Petitioner filed the instant Petition, pursuant to 28 U.S.C. § 2254, claiming that the Parole Board failed to properly consider his status as a youth offender under state law and improperly weighed other factors in denying parole. (Petition at 3.)

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix,* 545 U.S. 644, 656 (2005). In so doing, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases; and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). For the following reasons, the Court concludes that it is clear on the face of the petition that Petitioner is not entitled to relief and, therefore, the petition is dismissed with prejudice.

The Court's review of parole denials is limited to determining whether a petitioner was given an opportunity to be heard and an explanation for the reasons he was denied parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Clearly, that happened here. Petitioner's complaint that the Parole Board improperly weighed the evidence (or that the evidence was flawed) is not properly before the Court. *Id.* at 221 ("[I]t is no federal concern [] whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."). Likewise, to the extent that Petitioner argues that the Board did not adhere to state law in denying him parole, he does not state a cognizable federal claim. *Id.* at 219 (reaffirming that "federal habeas corpus relief does not lie for errors of state law.") (quotations omitted).

Because Petitioner has not and cannot state a cognizable claim, the Petition is denied and the case is dismissed with prejudice.

Further, because he has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).[1]

IT IS SO ORDERED

DATED: March 19, 2019.

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\CAS\CRD\CASNYDER\R&R & Related - 194\Magistrate Orders\LA19CV01596CASPJW-O.wpd

---

[1] Petitioner claims in his Petition that he sought review of the Board's decision in state court. (Petition at 5.) A check of the state court website, however, reveals that he never filed a petition challenging the parole denial in the California Court of Appeal or the California Supreme Court. See appellatecases.courtinfo.ca.gov. As such, the Petition is unexhausted and subject to dismissal on that ground as well, though, because it is clear that his claims are not colorable, the Court has elected to bypass the exhaustion issue. See *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2015).